ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 JUL -9 A 8: 31
CLERK_____
SO. DIST. OF GA

| | |
|---|---|
| SHARON B. ELLISON, | ) |
| Plaintiff, | ) |
| v. | ) CV 107-007 |
| GREENVILLE HOTEL, L.L.C., d/b/a Savannah Suites (aka) Augusta Inc., et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Sharon B. Ellison filed the above-captioned *pro se* complaint, along with a motion to proceed *in forma pauperis* ("IFP"), on January 12, 2007, and filed another IFP motion on January 22, 2007. (Doc. nos. 2 & 4). Based on the information contained in the two IFP motions, the Court ordered Plaintiff to file supplemental information (doc. no. 5), and on February 9, 2007, Plaintiff complied. (Doc. no. 7). Subsequently, on March 27, 2007, the Court granted Plaintiff's IFP motions in part and ordered her to submit $50.00 toward the filing fee within thirty (30) days of the date of that Order. (Doc. no. 9, p. 4). On May 17, 2007, the Honorable Lisa Godbey Wood, United States District Judge, overruled Plaintiff's out-of-time objection to the Court's March 27th Order and again ordered Plaintiff to submit $50.00 toward the filing fee by June 8, 2007, or face dismissal of this case. (Doc. no. 12, p. 3).

Under the Local Rules of the Southern District of Georgia, if an IFP motion is denied, a plaintiff must timely pay the appropriate filing fee, and if the fee is not paid twenty (20) days after the IFP motion is denied, the case may be dismissed. Loc. R. 4.2(2) ("Failure to make timely payment will result in dismissal of the complaint."). Furthermore, an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny . . . failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c). Moreover, the Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). However, the test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

In this case, more than twenty (20) days have passed since the Court ruled on Plaintiff's IFP motions, and the time to respond to the Judge Wood's May 17th Order has expired. Plaintiff's failure to pay the $50.00 partial filing fee for this case, or provide any explanation for her failure to comply with two court orders, amounts not only to a failure to prosecute, but also to an abandonment of her case. This is precisely the type of neglect

contemplated by the Local Rules. Furthermore, the Court finds that the imposition of monetary sanctions is not feasible in this case because Plaintiff has sought to proceed IFP and has refused to make any payment toward the filing fee.

Nevertheless, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissal of this case without prejudice until such time as Plaintiff is willing to file her case and pursue it.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to Loc. R. 4.2(2) and 41.1(b) & (c), that this case be **DISMISSED** without prejudice because Plaintiff failed to pay the $50.00 partial filing fee and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of July, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3